ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>  **Plaintiff,** )<br>)<br>vs. )<br>)<br>**ROBERT A. LEWIS,** )<br>)<br>  **Defendant/Petitioner.** )<br>) | Case No. 03-40030-JAR<br>04-3263-JAR |

### MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Defendant/petitioner Robert A. Lewis filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255.  (Doc. 24.)  Petitioner argues that the sentence should be vacated in light of the Supreme Court's decision in *Blakely v. Washington*,[1] which struck down Washington's state sentencing scheme as violative of the Sixth Amendment right to a jury trial.  Petitioner maintains that the Federal Sentencing Guidelines (Guidelines) are similarly violative of the Sixth Amendment, and therefore his sentence is unconstitutional.  The Government argues that the petitioner is barred from making this argument because in the plea agreement he waived the right to collaterally attack the sentence, and further, *Blakely* does not apply to the Federal Sentencing Guidelines and should not be applied retroactively to this case in any event.

---

[1] 542 U.S.__, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

After petitioner filed this motion, the Supreme Court decided *United States v. Booker*,[2] which struck down the mandatory nature of the Federal Sentencing Guidelines as incompatible with the Sixth Amendment. Consistent with the Supreme Court's guidance in *Blakely* and *Booker*, this Court denies petitioner's motion because neither *Blakely* nor *Booker* is retroactive to federal criminal cases that became final before the *Booker* decision was handed down on January 12, 2005.

### I. Procedural Background

On May 20, 2003, petitioner pled guilty to a one count Indictment charging him with possession with intent to distribute 5 grams or more of cocaine base. Applying the Sentencing Guidelines, this Court sentenced petitioner to 60 months of imprisonment, a sentence no longer than the statutory mandatory minimum of five years, and substantially less than the statutory maximum of 40 years.[3] This Court arrived at the total offense level by: starting with a base offense level based on the amount of cocaine found in petitioner's possession at the time of arrest;[4] applying a two level increase because petitioner was in possession of a firearm;[5] and applying a three level reduction for acceptance of responsibility.[6] Petitioner did not file a direct appeal.

### II. Analysis

---

[2] 543 U.S. __,125 S. Ct. 738 , 2005 WL 50108 (2005).

[3] 21 U.S.C. § 841(b)(1)(B).

[4] *See* U.S.S.G. § 2D1.1(c)(7).

[5] *See* U.S.S.G. § 2D1.1(b)(1).

[6] *See* U.S.S.G. § 3E1.1.

Petitioner argues that his sentence is unconstitutional because the Court enhanced the offense level based on his possession of a weapon, which was not part of his guilty plea.[7] He claims that this two-point adjustment of his offense level violated his constitutional right to a jury trial under the Sixth Amendment, citing *Blakely v. Washington*. *Blakely* represents an extension of the rule originally announced in *Apprendi v. New Jersey*, where the Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[8] In *Blakely*, the Court applied the rule and explained that the statutory maximum under *Apprendi* "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*,"[9] which is not necessarily the same as the maximum punishment possible under statute.[10] On this basis, the Court struck down the Washington state sentencing scheme.

In the wake of *Blakely*, courts have grappled with the issue of whether the Federal Sentencing Guidelines were also unconstitutional since they required sentencing judges to make factual findings in a

---

[7] Defendant asserts in his brief that he is entitled to a 46 month sentence. This calculation is based on his argument that the base offense level of 26 should not have been increased by two points for possession of a firearm, resulting in an adjusted offense level of 23. With a criminal history category of IV, that would provide him with a sentencing range of 70-87 months. Defendant then asserts that once his 24 month reduction is applied, due to the Government's February 2004 downward departure request, he would be entitled to 46 months. The Court simply points out that the *Booker* decision does not speak to the constitutionality of statutory minimum and maximum terms of imprisonment. The decision only speaks to application of the Federal Sentencing Guidelines. In this case, even if defendant's offense level was not increased for possessing a firearm, the statutory minimum term would be five years, or sixty months based on the drug quantity alone.

[8] 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000).

[9] *Blakely*, 124 S. Ct. at 2537 (emphasis in original).

[10] *Blakely*, 124 S. Ct. at 2538.

fashion similar to that under the Washington scheme.[11]  The Supreme Court resolved this issue in *United States v. Booker*.[12]  In two separate majority opinions, the Court decided first, that the mandatory nature of the Guidelines violate the Sixth Amendment for the same reasons that the Washington state scheme did in *Blakely*.[13]  Second, the Court decided that the appropriate remedy for this constitutional infirmity is to excise the provision from the Sentencing Reform Act that requires district courts to apply the Guidelines.[14]  Instead, the Court deemed the Guidelines advisory and explained that sentencing courts must now consider the sentencing goals as set forth in 18 U.S.C. § 3553(a).[15]  The applicable standard of review under the new sentencing landscape is the reasonableness of the sentence.[16]

Because this is a collateral attack on a final sentence, the Court must first determine if the rule announced in *Booker* may retroactively apply to this petitioner.  While the Supreme Court did state: "we must apply today's holdings–both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act–to all cases on direct review;"[17] the Supreme Court did not state whether its holding applied to cases on collateral review.  The Tenth Circuit has not yet decided whether *Booker* should

---

[11] *See Blakely*, 124 S. Ct. at 2548-50 (O'Connor, J., dissenting).

[12] 543 U.S. __,125 S. Ct. 738 , 2005 WL 50108 (2005).

[13] *Booker*, 125 S. Ct. at 745 (Stevens, J.).

[14] *Booker*, 125 S. Ct. at 756 (Breyer, J.).

[15] *Id.* at 764.

[16] *Id.* at 765.

[17] *Booker*, 125 S. Ct. at 769 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)).

apply retroactively to cases on collateral review.

In *Schriro v. Summerlin*, the Supreme Court spoke to the issue of retroactivity just prior to deciding *Blakely*. The Court restated the precept that new rules announced by the Court only apply to criminal convictions that are final in limited circumstances.[18] Generally, new substantive rules will apply retroactively while new procedural rules will not.[19] However, a small number of procedural rules are given retroactive effect if they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."[20] The Supreme Court has described such a rule as one "without which the likelihood of an accurate conviction is *seriously* diminished. This class of rules is extremely narrow, and it is unlikely that any . . . ha[s] yet to emerge."[21]

This Court finds that the rule announced in *Booker* is procedural because it only "regulate[s] the *manner of determining* the defendant's culpability."[22] In *Summerlin*, the Supreme Court refused to retroactively apply *Ring v. Arizona*[23] to collateral cases. *Ring* held that a sentencing judge could not find an aggravating circumstance necessary for imposition of the death penalty because the Sixth Amendment requires such a factor to be found by a jury.[24] This Court finds that the *Summerlin*

---

[18] *Schriro v. Summerlin*, 542 U.S. __, 124 S. Ct. 2519, 2522, 159 L. Ed. 2d 442 (2004).

[19] *Id.*

[20] *Summerlin*, 124 S. Ct. at 2523 (internal quotations omitted); *Teague v. Lane*, 489 U.S. 288, 312-13,109 S. Ct. 1257, 1060, 103 L. Ed. 2d 334 (1989).

[21] *Summerlin*, 124 S. Ct. at 2523 (internal quotations omitted) (emphasis in original).

[22] *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 620-21, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)) (emphasis in original).

[23] *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002).

[24] *Summerlin*, 124 S. Ct. at 2526 (discussing *Ring v. Arizona*).

rationale applies with equal force to the rule announced in *Booker*. "Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules."[25] As was the case in *Ring*, *Booker* is primarily concerned with the identity of the decisionmaker and the burden of proof required to determine a given sentence. The decision does not determine what type of primary conduct is lawful or unlawful.

Furthermore, the Court finds that *Booker* does not constitute one of those rare "watershed rules of criminal procedure" that could be applied retroactively to cases on collateral review. In order to constitute such a rule, it must "so 'seriously diminish' accuracy that there is an 'impermissibly large risk' of punishing conduct the law does not reach."[26] In *Summerlin*, the Supreme Court found the evidence overwhelmingly did not support such a conclusion about jury factfinding.

The Tenth Circuit has held that *Blakely* does not apply to cases on collateral review,[27] and other circuits have held that *Booker* does not apply to cases on collateral review.[28] This Court agrees with the reasoning of the Seventh Circuit in *United States v. McReynolds*, which followed *Summerlin*

---

[25] *Summerlin*, 124 S. Ct. 2523 (collecting cases where the Court has reached the same conclusion in other contexts).

[26] 124 S. Ct. at 2525 (quoting *Teague v. Lane*, 489 U.S. 288, 312-13,109 S. Ct. 1257, 1060, 103 L. Ed. 2d 334 (1989) (quoting *Desist v. United States*, 394, U.S. 244, 262, 89 S. Ct. 1030, 22 L. Ed. 2d 248 (1969))).

[27] *Leonard v. United States*, 383 F.3d 1146, 1147-48 (10th Cir. 2004); *United States v. Price*, No. 04-7058, 2004 WL 2905381, *4 -5 (10th Cir. Dec. 16, 2004); *cf. United States v. Leonard*, No. 04-6197, 2005 WL 139183, *2 (10th Cir. Jan. 24, 2005) ("New rules of criminal procedure, however, are applied retroactively only to cases pending on direct review or cases that are not yet final. . . . Thus, *Blakely*, as well as the Supreme Court's more recent decision in *United States v. Booker* . . . have no applicability to Leonard's sentence.").

[28] *McReynolds v. United States*, __F.3d__, Nos. 04-2520, 04-2632, 2844, 2005 WL 237642 (7th Cir. Feb. 2, 2005) *Green v. United States*, __F.3d.__, No. 04-6564, 2005 WL 237204, *1 (2d Cir. Feb. 2, 2005); In re *Anderson*, __F.3d__, No. 05-10045-F, 2005 WL 123923, *3 (11th Cir. Jan. 21, 2005).

in concluding that *Booker* does not apply to cases on collateral review.[29] Because *Blakely* reserved judgment on the constitutionality of the Guidelines,[30] *Booker* constitutes the new rule on the Guidelines that petitioner seeks to have applied to his case. Because the Supreme Court filed its decision in *Booker* on January 12, 2005, that is "the appropriate dividing line."[31]

Petitioner's only argument in his motion to vacate is that his sentence is unconstitutional based on *Blakely*. The Court finds that the rule explained in *Blakely* may only apply to the petitioner vis-a-vis *Booker*, which for the first time applied *Apprendi* and *Blakely* to the Federal Sentencing Guidelines. Because the Court finds that this new procedural rule is not a watershed rule of criminal procedure, and because petitioner's sentence was final on August 18, 2003, the rule announced in *Booker* does not apply.[32]

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 24) is **DENIED**.

Dated this  22nd   day of February 2005.

                                        S/ Julie A. Robinson
                                      **JULIE A. ROBINSON**
                                      **UNITED STATES DISTRICT JUDGE**

---

[29] *McReynolds*, 2005 WL 237642, at *2.

[30] *Blakely*, 124 S. Ct. at 2538 n.9 ("The Federal Guidelines are not before us, and we express no opinion on them.").

[31] *McReynolds*, 2005 WL 237642, at *2.

[32] *See* 28 U.S.C. § 2255(1), (3).